IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD W. JONES | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-4338 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                                    April 29, 2009

        Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8) and defendant's response (Doc. No. 10), the court makes the following findings and conclusions:

        1.    On August 16, 2004, Clifford W. Jones ("Jones") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of January 1, 2004.[1] (Tr. 68-72). Throughout the administrative process, including an administrative hearing held on May 8, 2006, before an ALJ, Jones' claims were denied. (Tr. 4-7; 18-25; 29-30; 334-56). Pursuant to 42 U.S.C. § 405(g), Jones filed his complaint in this court on September 16, 2008.

        2.    In her June 3, 2006 decision, the ALJ concluded, *inter alia*, that: (1) Jones had severe impairments of obesity, bipolar disorder, and personality disorder; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform medium exertion work with little or no public contact, no assembly line work, and no team work; (4) there were jobs that existed in significant numbers in the national economy that Jones could perform; and (5) he was not disabled . (Tr. 18 ¶ 5; 20 Findings 3 & 4; 21 Finding 5; 23 Finding 10; 24 Finding 11; 24 ¶ 5).[2]

        3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v.

---

[1] Jones had previously been awarded benefits on December 17, 2003 for a closed period between April 1, 2002 and August 25, 2003. (Tr. 34-42).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Jones raises several arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. Jones first contends that the ALJ erred by failing to give controlling weight to his primary physician, Lucila Villaluz, M.D. ("Dr. Villaluz").  A treating physician is only provided controlling weight when her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  On December 30, 2004, Dr. Villaluz concluded that Jones had extreme limitations in his ability to interact with the public, his coworkers, and his supervisors, and his ability to handle work pressures and changes in his routine.  (Tr. 194).  On May 4, 2006, Dr. Villaluz maintained that Jones had extreme limitations regarding numerous work-related abilities including his ability to maintain attention, maintain regular attendance, perform at a consistent pace, ask simple questions or request assistance, accept instructions and respond appropriately to criticism, get along with co-workers, and deal with work stress. (Tr. 315).  Dr. Villaluz further concluded that Jones was unable to meet competitive standards regarding his ability to maintain socially appropriate behavior or to adhere to basic standards of neatness and cleanliness.  (Tr. 316).

    The ALJ concluded that many of the extreme conclusions made in Dr. Villaluz's assessments were refuted by other evidence in the record which showed, *inter alia*, that Jones, in fact, did have the ability to maintain attention and regular attendance, and had ample verbal ability to ask questions.  (Tr. 21 ¶ 5 - 22 ¶ 1).  The ALJ also noted that Jones had sufficient social skills to attend community college and receive acceptable grades, and interact regularly with his mental health professionals.  (Tr. 22 ¶ 5).  Similarly, previous to discussing Dr. Villaluz's conclusions specifically, the ALJ discussed evidence of Jones' limitations and the much more moderate results of the January 4, 2005 consultative psychological exam by Herbert Machowsky, Ed.D. ("Dr. Machowsky"), on which the ALJ heavily relied. (Tr. 21 ¶¶ 1-4).

    It is clear that Jones has severe issues regarding his ability to socially interact, which is why the ALJ found that he had marked limitations in this area.  (Tr. 23 ¶ 1).  However, I find that, based on the record in this case, including Jones' mental health notes, the conclusion of the ALJ to discount the extreme findings by Dr. Villaluz was supported by substantial evidence.  Thus, Jones' argument to the contrary must fail.[3]

---

[3] For the same reasons, Jones' contention that the ALJ erred by failing to incorporate Dr. Villaluz's limitations into the hypothetical question posed to the VE, also fails.

B.  Second, Jones argues that the ALJ erred by discounting the credibility of his testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ adequately discussed his decision to discount the credibility of Jones' testimony and based his conclusion upon, *inter alia*, Jones' ability to function and interact at school and in the world, the report of Dr. Machowsky, and various treatment notes. (Tr. 21 ¶ 1-22 ¶ 1; 22 ¶ 5). After reviewing the record, I conclude that the ALJ's credibility determination was supported by substantial evidence.

C.  Finally, Jones alleges that the ALJ erred by failing to find that he met Listing 12.08 (personality disorder). The ALJ concluded that Jones, *inter alia*, did not meet listing 12.08 because he had only mild restrictions in activities of daily living. (Tr. 20 ¶ 6). Jones contends that, based on his testimony, he has marked restrictions in activities of daily living. As discussed above, the ALJ's conclusion to discount Jones' testimony was supported by substantial evidence. Moreover, Jones' assertion that he has marked restrictions in this area are refuted by the opinions of both Dr. Villaluz and Dr. Machowsky. (Tr. 191-92; 221). Jones' contention is also refuted by, *inter alia*, his ability to punctually attend his therapy sessions, use public transportation, attend school, and interact with his health care providers. See e.g. (Tr. 21 ¶¶ 4-5; 22 ¶ 5; 197; 252-69; 339; 346; 349). Thus, the ALJ's conclusion is supported by substantial evidence and Jones' argument must fail.

5.  After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Jones was not disabled was legally sufficient and supported by substantial evidence. As a result, Jones' request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.